IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JONATHAN BENEDICT; WILLIAM BOATMAN; JIM HUBBARD; and JEFF WILBANKS, | x : | |
| Plaintiffs, | : | |
| | : | Civil Action File No. |
| vs. | : | 1:15-cv- |
| SAPPCO SERVICES LLC; SAPP CONSTRUCTION SERVICES LLC; and STEPHEN SAPP, | : : | JURY TRIAL DEMANDED |
| Defendants. | : | |

---------------------------------------------------x

## COMPLAINT

Plaintiffs, Jonathan Benedict, William Boatman, Jim Hubbard and Jeff

Wilbanks, by and through their counsel of record, Robert N. Marx of Marx &

Marx, L.L.C., as and for their Complaint, respectfully alleges as follows:

PARTIES

1.

Plaintiff, Jonathan Benedict, (hereinafter "Mr. Benedict") is a natural born

United States citizen residing in the Northern District of Georgia.

1

2.

Plaintiff, William Boatman, (hereinafter "Mr. Boatman") is a natural born United States citizen residing in the Northern District of Georgia.

3.

Plaintiff, Jim Hubbard, (hereinafter "Mr. Hubbard") is a natural born United States citizen residing in the Northern District of Georgia.

4.

Plaintiff, Jeff Wilbanks, (hereinafter "Mr. Wilbanks") is a natural born United States citizen residing in the State of Florida.

5.

On information and belief, Defendant SappCo Services LLC (hereinafter "Sappco Services") is a domestic corporation doing business in the Northern District of Georgia.

6.

On information and belief, the registered agent for service of process on Sappco Services is Stephen Sapp, 1680 Hiram Douglasville Highway, Suite 208, Hiram, Georgia 30141.

7.

On information and belief, Defendant Sapp Construction Services LLC (hereinafter "Sapp Construction") is a domestic corporation doing business in the Northern District of Georgia.

8.

On information and belief, the registered agent for service of process on Sapp Construction is Stephen Sapp, 302 Indian Lake Court, Hiram, Georgia 30141.

9.

On information and belief, Defendant Stephen Sapp (hereinafter "Mr. Sapp") is a natural born person residing in the Northern District of Georgia.

10.

On information and belief, Mr. Sapp may be served at either of the two aforesaid addresses, 1680 Hiram Douglasville Highway, Suite 208, Hiram, Georgia 30141, or 302 Indian Lake Court, Hiram, Georgia 30141.

<u>JURISDICTION</u>

11.

The jurisdiction of this Court is invoked pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as by 28 U.S.C. §1331. The jurisdiction of this Court is invoked under 28 U.S.C. §1367 with respect to the causes of action under Georgia law.

3

## JURISDICTIONAL ALLEGATIONS

12.

Defendant Sappco Services is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiffs' employment.

13.

On information and belief, Defendant Sappco Services is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s).

14.

On information and belief at all relevant times and continuing, Sappco Services had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

15.

Defendant Sapp Construction is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiffs' employment.

16.

On information and belief, Defendant Sapp Construction is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s).

4

17.

On information and belief at all relevant times and continuing, Sapp Construction had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

18.

On information and belief, at all relevant times and continuing, Defendant Stephen Sapp was an officer of both Defendants Sappco Services and Sapp Construction.

19.

Defendants Sappco Services and Sapp Construction operated as a single integrated enterprise, including, *inter alia*, sending and/or directing employees of Sappco Services to work on projects being constructed by Sappco Construction.

20.

At all relevant times and continuing, Defendant Stephen Sapp was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr. Sapp acted "directly or indirectly in the interest of an employer in relation to an employee."

21.

On information and belief, Mr. Sapp  was an officer of both Sappco Services and Sapp Construction.

22.

Mr. Sapp actively controlled the day-to-day operations of both Sappco Services and Sapp Construction and was present on the premises of both Defendant corporations on a regular, routine, daily basis.

23.

On information and belief, Mr. Sapp had the power to hire and fire employees of both Sappco Services and Sapp Construction, to determine their salaries, to assign their job duties and in all other respects to establish the terms and conditions of those employees' employment, including the Plaintiffs.

24.

Each of the Plaintiffs was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his job duties for Defendants.

VENUE

25.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern District of Georgia is the judicial district in which a substantial part of the events giving rise to this claim occurred.

## NATURE OF THIS ACTION

### 26.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.* to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs. Plaintiffs also raise causes of action under Georgia law for *quantum meruit* and unjust enrichment.

## FACTS

a) Jonathan Benedict

### 27.

Plaintiff, Jonathan Benedict was employed by Defendants from on or about June 2013 to in or about December 2014.

### 28.

Mr. Benedict was a non-exempt employee.

### 29.

At all relevant times during his employment by Defendants, Mr. Benedict was paid on an hourly basis.

### 30.

At all relevant times during his employment by Defendants, Mr. Benedict did not supervise any employees.

31.

Throughout the time that Mr. Benedict was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

32.

Despite the fact that Mr. Benedict worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Benedict for any of that overtime.

33.

At all relevant times and continuing, Defendants individually and collectively have been and are employers within the meaning of the FLSA, 29 U.S.C. §203(d) in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee . . ."

34.

As employers engaged in commerce, Defendants are subject to the provisions of the FLSA, 29 U.S.C. §§201 *et. seq.*

35.

At all relevant times both Defendants were aware of the existence and requirements of the FLSA, including without limitation, the duty to pay overtime to non-exempt employees.

36.

Defendants' failure to pay overtime to Mr. Benedict was willful and deliberate.

b) <u>William Boatman</u>

37.

Plaintiff, William Boatman was employed by Defendants from on or about March 2014 to in or about September 2014.

38.

Mr. Boatman was a non-exempt employee.

39.

At all relevant times during his employment by Defendants, Mr. Boatman was paid on a salary basis.

40.

At all relevant times during his employment by Defendants, Mr. Boatman did not supervise any employees.

41.

Throughout the time that Mr. Boatman was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

42.

Despite the fact that Mr. Boatman worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Boatman for any of that overtime.

43.

At all relevant times and continuing, Defendants individually and collectively have been and are employers within the meaning of the FLSA, 29 U.S.C. §203(d) in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee . . ."

44.

As employers engaged in commerce, Defendants are subject to the provisions of the FLSA, 29 U.S.C. §§201 *et. seq*.

45.

At all relevant times both Defendants were aware of the existence and requirements of the FLSA, including without limitation, the duty to pay overtime to non-exempt employees.

46.

Defendants' failure to pay overtime to Mr. Boatman was willful and deliberate.

c) <u>Jim Hubbard</u>

47.

Plaintiff, Jim Hubbard was employed by Defendants from on or about May 2014 to in or about September 2014.

48.

Mr. Hubbard was a non-exempt employee.

49.

During his employment by Defendants, Mr. Hubbard was initially paid on an hourly basis, and thereafter, on a piece work basis.

50.

Mr. Hubbard was a non-exempt employee.

51.

At all relevant times during his employment by Defendants, Mr. Hubbard did not supervise any employees.

52.

Throughout the time that Mr. Hubbard was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

53.

Despite the fact that Mr. Hubbard worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Hubbard for any of that overtime.

54.

At all relevant times and continuing, Defendants individually and collectively have been and are employers within the meaning of the FLSA, 29 U.S.C. §203(d) in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee . . ."

55.

As employers engaged in commerce, Defendants are subject to the provisions of the FLSA, 29 U.S.C. §§201 *et. seq.*

56.

At all relevant times both Defendants were aware of the existence and requirements of the FLSA, including without limitation, the duty to pay overtime to non-exempt employees.

57.

Defendants' failure to pay overtime to Mr. Hubbard was willful and deliberate.

d) <u>Jeff Wilbanks</u>

58.

Plaintiff, Jeff Wilbanks was employed by Defendants from in or about June 2013 to in or about July 2013.

59.

Mr. Wilbanks was a non-exempt employee.

60.

At all relevant times during his employment by Defendants, Mr. Wilbanks was paid on a salary basis.

61.

Mr. Wilbanks was a non-exempt employee.

62.

At all relevant times during his employment by Defendants, Mr. Wilbanks did not supervise any employees.

63.

Throughout the time that Mr. Wilbanks was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

64.

Despite the fact that Mr. Wilbanks worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Wilbanks for any of that overtime.

65.

At all relevant times and continuing, Defendants individually and collectively have been and are employers within the meaning of the FLSA, 29 U.S.C. §203(d) in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee . . ."

66.

As employers engaged in commerce, Defendants are subject to the provisions of the FLSA, 29 U.S.C. §§201 *et. seq*.

67.

At all relevant times both Defendants were aware of the existence and requirements of the FLSA, including without limitation, the duty to pay overtime to non-exempt employees.

68.

Defendants' failure to pay overtime to Mr. Wilbanks was willful and deliberate.

FIRST CAUSE OF ACTION
Violation of 29 U.S.C.§216(b)
(Fair Labor Standards Act [FLSA])
(Failure to Pay Overtime)
(Jonathan Benedict)

69.

Plaintiffs incorporate the allegations of ¶¶1 – 68 to the same force and effect
as if pled herein.

70.

Defendants repeatedly and willfully violated the provisions of §§7 and
15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals,
including Plaintiff Jonathan Benedict, engaged in commerce, for work weeks
longer than 40 hours without compensating such employees for their employment
in excess of such hours at rates not less than one and one-half times the regular
rates at which they were employed.

71.

Defendants' violations of the overtime pay requirements set forth in the
FLSA were systematic, voluntary and willful.

72.

Defendants owe Plaintiff Jonathan Benedict overtime pay for work
performed but not compensated in an amount to be determined in this action, plus
liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

15

SECOND CAUSE OF ACTION
Violation of 29 U.S.C.§§211(c),
215(a)(5) and 29 CFR §516)
(Fair Labor Standards Act [FLSA])
(Failure to Maintain Time Records)
(Jonathan Benedict)

73.

Plaintiffs incorporate the allegations of ¶¶1 – 72 to the same force and effect as if pled herein.

74.

On information and belief, within the preceding four years, Defendants, as employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516, by failing to make, keep and preserve adequate and accurate records of the persons employed, and of the wages, hours and other conditions and practices of employment maintained by said Defendants.

75.

Plaintiff Jonathan Benedict is entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

## THIRD CAUSE OF ACTION
### (Quantum Meruit)
### (Jonathan Benedict)

76.

Plaintiffs incorporate the allegations of ¶¶1 – 75 to the same force and effect as if pled herein.

77.

Plaintiff Jonathan Benedict conferred a valuable benefit upon Defendants by working overtime hours as requested by Defendants.

78.

Defendants had knowledge of and accepted the benefits conferred upon them by Plaintiff Jonathan Benedict working overtime hours.

79.

Defendants failed to compensate Plaintiff Jonathan Benedict for the overtime hours that he worked.

80.

As a result of Defendants' failure and refusal to pay Plaintiff Jonathan Benedict for his overtime hours, Plaintiff Jonathan Benedict suffered a loss of wages in an amount to be determined at trial.

81.

It would be unjust for Defendants to retain the benefit of Plaintiff's work without properly compensating him for all overtime hours he worked on Defendants' behalf.

<u>FOURTH CAUSE OF ACTION</u>
<u>(Unjust Enrichment)</u>
<u>(Jonathan Benedict)</u>

82.

Plaintiff incorporates the allegations of ¶¶1 – 81 to the same force and effect as if pled herein.

83.

There is no written contract between Plaintiff Jonathan Benedict and Defendants concerning the terms and conditions of Plaintiff Jonathan Benedict's employment.

84.

Plaintiff Jonathan Benedict conferred a benefit upon Defendants that would result in Defendants' unjust enrichment unless Plaintiff Jonathan Benedict is adequately compensated the number of overtime hours that he worked for Defendants.

85.

Defendants have been unjustly enriched in the amount of unpaid Federal and

unpaid overtime compensation that is due and owing to Plaintiff Jonathan

Benedict, which amount is to be determined at trial.

<u>FIFTH CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§216(b)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Pay Overtime)</u>
<u>(William Boatman)</u>

86.

Plaintiffs incorporate the allegations of ¶¶1 – 85 to the same force and effect

as if pled herein.

87.

Defendants repeatedly and willfully violated the provisions of §§7 and

15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals,

including Plaintiff William Boatman, engaged in commerce, for work weeks

longer than 40 hours without compensating such employees for their employment

in excess of such hours at rates not less than one and one-half times the regular

rates at which they were employed.

88.

Defendants' violations of the overtime pay requirements set forth in the

FLSA were systematic, voluntary and willful.

89.

Defendants owe Plaintiff William Boatman overtime pay for work

performed but not compensated in an amount to be determined in this action, plus

liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

<u>SIXTH CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§§211(c),</u>
<u>215(a)(5) and 29 CFR §516)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Maintain Time Records)</u>
<u>(William Boatman)</u>

90.

Plaintiffs incorporate the allegations of ¶¶1 – 89 to the same force and effect

as if pled herein.

91.

On information and belief, within the preceding four years, Defendants, as

employers subject to the provisions of the FLSA, repeatedly violated the

provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5)

and the Department of Labor Regulations at 29 CFR §516, by failing to make,

keep and preserve adequate and accurate records of the persons employed, and of

the wages, hours and other conditions and practices of employment maintained by

said Defendants.

20

92.

Plaintiff William Boatman is entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

## SEVENTH CAUSE OF ACTION
### (Quantum Meruit)
### (William Boatman)

93.

Plaintiffs incorporate the allegations of ¶¶1 – 92 to the same force and effect as if pled herein.

94.

Plaintiff William Boatman conferred a valuable benefit upon Defendants by working overtime hours as requested by Defendants.

95.

Defendants had knowledge of and accepted the benefits conferred upon them by Plaintiff William Boatman working overtime hours.

96.

Defendants failed to compensate Plaintiff William Boatman for the overtime hours that he worked.

97.

As a result of Defendants' failure and refusal to pay Plaintiff William Boatman for his overtime hours, Plaintiff William Boatman suffered a loss of wages in an amount to be determined at trial.

98.

It would be unjust for Defendants to retain the benefit of Plaintiff's work without properly compensating him for all overtime hours he worked on Defendants' behalf.

<u>EIGHTH CAUSE OF ACTION</u>
<u>(Unjust Enrichment)</u>
<u>(William Boatman)</u>

99.

Plaintiff incorporates the allegations of ¶¶1 – 98 to the same force and effect as if pled herein.

100.

There is no written contract between Plaintiff William Boatman and Defendants concerning the terms and conditions of Plaintiff William Boatman's employment.

101.

Plaintiff William Boatman conferred a benefit upon Defendants that would result in Defendants' unjust enrichment unless Plaintiff William Boatman is

adequately compensated for the number of overtime hours that he worked for Defendants.

102.

Defendants have been unjustly enriched in the amount of unpaid overtime compensation that is due and owing to Plaintiff William Boatman, which amount is to be determined at trial.

<u>NINTH CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§216(b)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Pay Overtime)</u>
<u>(Jim Hubbard)</u>

103.

Plaintiffs incorporate the allegations of ¶¶1 – 102 to the same force and effect as if pled herein.

104.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff Jim Hubbard, engaged in commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

105.

Defendants' violations of the overtime pay requirements set forth in the

FLSA were systematic, voluntary and willful.

106.

Defendants owe Plaintiff Jim Hubbard overtime pay for work performed but

not compensated in an amount to be determined in this action, plus liquidated

damages in an equal amount pursuant to 29 U.S.C. §216(b).

TENTH CAUSE OF ACTION
Violation of 29 U.S.C.§§211(c),
215(a)(5) and 29 CFR §516)
(Fair Labor Standards Act [FLSA])
(Failure to Maintain Time Records)
(Jim Hubbard)

107.

Plaintiffs incorporate the allegations of ¶¶1 – 106 to the same force and

effect as if pled herein.

108.

On information and belief, within the preceding four years, Defendants, as

employers subject to the provisions of the FLSA, repeatedly violated the

provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5)

and the Department of Labor Regulations at 29 CFR §516, by failing to make,

keep and preserve adequate and accurate records of the persons employed, and of

the wages, hours and other conditions and practices of employment maintained by said Defendants.

109.

Plaintiff Jim Hubbard is entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

## ELEVENTH CAUSE OF ACTION
### (Quantum Meruit)
### (Jim Hubbard)

110.

Plaintiffs incorporate the allegations of ¶¶1 – 109 to the same force and effect as if pled herein.

111.

Plaintiff Jim Hubbard conferred a valuable benefit upon Defendants by working overtime hours as requested by Defendants.

112.

Defendants had knowledge of and accepted the benefits conferred upon them by Plaintiff Jim Hubbard working overtime hours.

113.

Defendants failed to compensate Plaintiff Jim Hubbard for the overtime hours that he worked.

114.

As a result of Defendants' failure and refusal to pay Plaintiff Jim Hubbard for his overtime hours, Plaintiff Jim Hubbard suffered a loss of wages in an amount to be determined at trial.

115.

It would be unjust for Defendants to retain the benefit of Plaintiff's work without properly compensating him for all overtime hours he worked on Defendants' behalf.

TWELFTH CAUSE OF ACTION
(Unjust Enrichment)
(Jim Hubbard)

116.

Plaintiff incorporates the allegations of ¶¶1 – 115 to the same force and effect as if pled herein.

117.

There is no written contract between Plaintiff Jim Hubbard and Defendants concerning the terms and conditions of Plaintiff Jim Hubbard's employment.

26

118.

Plaintiff Jim Hubbard conferred a benefit upon Defendants that would result in Defendants' unjust enrichment unless Plaintiff Jim Hubbard is adequately compensated for the number of overtime hours that he worked for Defendants.

119.

Defendants have been unjustly enriched in the amount of unpaid overtime compensation that is due and owing to Plaintiff Jim Hubbard, which amount is to be determined at trial.

THIRTEENTH CAUSE OF ACTION
Violation of 29 U.S.C.§216(b)
(Fair Labor Standards Act [FLSA])
(Failure to Pay Overtime)
(Jeff Wilbanks)

120.

Plaintiffs incorporate the allegations of ¶¶1 – 119 to the same force and effect as if pled herein.

121.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff Jeff Wilbanks, engaged in commerce, for work weeks longer than 40 hours without compensating such employees for their employment in

excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

122.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

123.

Defendants owe Plaintiff Jeff Wilbanks overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

<u>FOURTEENTH CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§§211(c),</u>
<u>215(a)(5) and 29 CFR §516)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Maintain Time Records)</u>
<u>(Jeff Wilbanks)</u>

124.

Plaintiffs incorporate the allegations of ¶¶1 – 123 to the same force and effect as if pled herein.

125.

On information and belief, within the preceding four years, Defendants, as employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516, by failing to make,

keep and preserve adequate and accurate records of the persons employed, and of the wages, hours and other conditions and practices of employment maintained by said Defendants.

126.

Plaintiff Jeff Wilbanks is entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

<u>FIFTEENTH CAUSE OF ACTION</u>
<u>(Quantum Meruit)</u>
<u>(Jeff Wilbanks)</u>

127.

Plaintiffs incorporate the allegations of ¶¶1 – 126 to the same force and effect as if pled herein.

128.

Plaintiff Jeff Wilbanks conferred a valuable benefit upon Defendants by working overtime hours as requested by Defendants.

129.

Defendants had knowledge of and accepted the benefits conferred upon them by Plaintiff Jeff Wilbanks working overtime hours.

130.

Defendants failed to compensate Plaintiff Jeff Wilbanks for the overtime hours that he worked.

131.

As a result of Defendants' failure and refusal to pay Plaintiff Jeff Wilbanks for his overtime hours, Plaintiff Jeff Wilbanks suffered a loss of wages in an amount to be determined at trial.

132.

It would be unjust for Defendants to retain the benefit of Plaintiff's work without properly compensating him for all overtime hours he worked on Defendants' behalf.

<u>SIXTEENTH CAUSE OF ACTION</u>
<u>(Unjust Enrichment)</u>
<u>(Jeff Wilbanks)</u>

133.

Plaintiff incorporates the allegations of ¶¶1 – 132 to the same force and effect as if pled herein.

134.

There is no written contract between Plaintiff Jeff Wilbanks and Defendants concerning the terms and conditions of Plaintiff Jeff Wilbanks' employment.

135.

Plaintiff Jeff Wilbanks conferred a benefit upon Defendants that would result in Defendants' unjust enrichment unless Plaintiff Jeff Wilbanks is adequately compensated for the number of overtime hours that he worked for Defendants.

136.

Defendants have been unjustly enriched in the amount of unpaid overtime compensation that is due and owing to Plaintiff Jeff Wilbanks, which amount is to be determined at trial.

<u>REQUEST FOR RELIEF</u>

WHEREFORE Plaintiffs request that this Court:

(a) Enter judgment against Defendants awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §§15 and 16, 29 U.S.C. §§215(a)(2) and 216(b); and all other remedies allowed under the FLSA;

(b) Enter judgment against Defendants awarding Plaintiffs an amount equal to his unpaid minimum wages and overtime as liquidated damages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206;

(c) Enter judgment against Defendants awarding Plaintiffs liquidated damages for willful violation of the FLSA;

(d) Enter judgment against Defendants for *quantum meruit* under O.C.G.A. §9-2-7;

(e) Enter judgment against Defendants for unjust enrichment under Georgia common law;

(f)  Award Plaintiffs attorneys' fees for the actions brought under Georgia State law under O.C.G.A. 13-6-11 in that the Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused the Plaintiffs unnecessary trouble and expense.

(g) Enter judgment against Defendants for pre-judgment interest on any and all amounts awarded to Plaintiffs as part of the Judgment in this action, including taxation of all allowable costs and attorney's fees;

(h) Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(i) Award Plaintiffs such further and additional relief as may be just and appropriate; and

(j) Plaintiffs demand TRIAL BY JURY.

This 9th day of October 2015.

s/ROBERT N. MARX
Robert N. Marx, Esq.

32

Georgia Bar No. 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Marx & Marx, L.L.C.
5555 Glenridge Connector
Suite 200
Atlanta, Georgia 30342
Telephone:  (404) 261-9559
lawyers@marxlawgroup.com
Attorneys for Plaintiffs